NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Keith DYMNIOSKI and Joann DYMNIOSKI,

        Plaintiffs,

v.

CROWN EQUIPMENT CORPORATION, et al.,

        Defendant.

Civ. No. 11-3696

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on a Motion for Reconsideration [docket # 24] filed by Defendant Crown Equipment Corporation ("Crown" or "Defendant"). Plaintiffs Keith and Joann Dymnioski ("Plaintiffs") oppose this motion [28]. Crown seeks to have this Court reconsider its Opinion and Order dated June 1, 2012 ("Opinion") [21, 22], in which the Court denied Defendant's motion for judgment on the pleadings and granted Plaintiffs' cross-motion to amend. For the following reasons, Defendant's motion is denied.

      Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law

or to prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).[1]

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.  *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through.  *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court.  *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

In its motion for reconsideration, Crown argues that the Court overlooked facts indicating that Crown was not complicit in Plaintiffs' fishing expedition.  In its Opinion, the Court stated: "After reviewing the proposed Amended Complaint, . . the Court believes that it sufficiently pleads a cause of action and that any prejudice to Crown is both incidental <u>and</u> a result of Crown's own acquiescence in Plaintiffs' conduct."  (Op. and Order of June 1, 2012 at 8 (emphasis added)).  Thus, the Court indicated, separate and apart from Crown's acquiescence in Plaintiffs' conduct, that there were additional grounds for denying Defendant's motion and granting leave to amend—namely, any prejudice was incidental.  The Court further stated: "[T]here is no indication that Crown will be unable to present facts or evidence that it otherwise would have presented but for Plaintiffs' delay or some other similarly harsh prejudice."  (Op. and Order of June 1, 2012 at 12)  Not all prejudice requires denying a motion to amend; only prejudice that seriously impairs the non-movant's ability to present its case warrants denial of an

---

[1] Plaintiffs incorrectly contend that this motion should be decided in accordance with Federal Rule of Civil Procedure 60.  (Pls.' Opp. Br. at 3–5).

amendment.  *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Houing of the V.I., Inc.*, 663 F.2d 419,

426 (3d Cir. 1981); *see also Harter v. GAF Corp.*, 150 F.R.D. 502, 509 (D.N.J. 1993); *DiLoreto

v. Borough of Oaklyn*, 744 F. Supp. 610, 615 (D.N.J. 1990).  Crown did not make this showing

in its initial motion, and it does not attempt to do so in its motion for reconsideration.[2]

        This aside, the Court did not overlook the procedural history of this case, nor was the

Court unaware of the attempts made by Defendant to obtain the information that eventually

wound up in Plaintiffs' Amended Complaint.  Indeed, the Court chronicled the procedural

history in considerable detail.  *See* (Op. and Order of June 1, 2012 at 2–4).  Defendant appears

more to disagree with the Court's characterization of this case's procedural history than anything

else.

        The Court did not state in its Opinion, as Crown apparently contends, *see* (Def.'s Br. at

9–10 (collecting cases)), that Rule 12(c) was an inappropriate vehicle to bring the previously

decided motion.  A motion for judgment on the pleadings may be brought at any time "[a]fter the

pleadings are closed but within such time as not to delay the trial."  *Mele v. Fed. Reserve Bank of

N.Y.*, 359 F.3d 253, 257 (3d Cir. 2004).  Defendant's original motion, however, was not decided

in a vacuum; it was decided in conjunction with a cross-motion to amend.  It has been the

accepted and encouraged policy in this country that courts should liberally grant leave to amend

pleadings when justice so requires.  *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S.

178, 182 (1962); *Dole v. Arco Chem. Co.,* 921 F.2d 484 (3d Cir. 1990).

        Defendant next argues that it was obligated to take certain steps under Local Civil Rule

37.1 before it could file its motion for judgment on the pleadings.  Local Civil Rule 37.1,

however, applies only to discovery motions.  A motion for judgment on the pleadings is a

---

[2] Crown did submit an additional affidavit, which purports to set forth facts that the Court allegedly overlooked.
Considering this additional affidavit on a motion for reconsideration, however, is improper.  *See Damiano v. Sony
Music Entm't, Inc.*, 975 F. Sup. 623, 636 (D.N.J. 1997).

dispositive motion, not a discovery motion.  Defendants have cited no authority mandating leave of Court to file a dispositive motion.  Further, Defendant has ignored Federal Rule of Civil Procedure 12(b)(6), a procedural vehicle that could have alleviated many of these issues long ago, prior to the initiation of the discovery process.

"A decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling." *Leja v. Schmidt Mfg.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010).  Simple disagreement with the Court's decision is not a sufficient basis for reconsideration. *Id.*  For all of the reasons discussed above, Defendant has not shown that they are entitled to reconsideration.

Accordingly, it is on this 20th day of July, 2012,

ORDERED that Defendant Crown Equipment Corporation's Motion for Reconsideration [24] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.